Del Rio v. Amazon. Thank you. Good morning. May it please the Court. My name is Richard Eugene Haber, Counsel for the Plaintiffs. I want to start and just spend one minute on our motion. We have a motion to certify this case to the Connecticut Supreme Court. As far as argument goes, we're happy with our papers. I just want to add to that something the Court may not be aware. There are at least two cases following behind this in the District of Connecticut. Both of them that I know of are mine. They involve tens of thousands of workers. And to the extent that the Court cares about this, it seems to me that you might. That one of those cases might make its way to the Connecticut Supreme Court, not through this Court. It might be certified from the District. And I believe that the Connecticut Supreme Court can decide on its own, no matter what the Second Circuit decides here, how the Connecticut statute should be interpreted. That might be something that you consider when deciding whether to take up the merits. Moving on to the merits, I want to start by telling you how the trial court erred and then tell you why the defendant's argument is wrong. The trial court erred, and you can focus, if you will, on page 8 of the decision, in holding that the relevant inquiry before it was interpreting and defining the word work. That is not the relevant inquiry before it. The relevant inquiry under the statute that we are suing under is hours worked. The baseline statute, 3176C, says that an employer shall not employ an employee for longer than a 40-hour work week. We are talking about hours worked. That's right in the baseline statute. And in Connecticut, we defined it clearly, and we are a plain-meaning statute. In Connecticut, unlike at the federal level, we provided a multitude of definitions of what hours worked means in a variety of circumstances, including travel time and commuting time, meal breaks, and in this case, when an employee is required by the employer to remain on the premises. May I ask? Yes. Is the only inquiry, the definition of worked or hours worked, is there not yet another question about whether or not all hours worked are in fact compensable under the relevant statute? The statute says—I don't believe so because I believe our statute says that employers shall pay all wages due. But that still doesn't mean that—or doesn't necessarily follow. I will pose the question and let you answer it to me. What can you give me confidence that that answers the question that every hour worked is in fact compensable, assuming that we adopt your definition or the definition you prefer? I can't think of an answer other than what I've said. Our statute is designed to protect workers and to pay all wages due. We define wages as hours worked. We have no exclusions in our statute like the Portal to Portal Act. There is no such thing as a Connecticut Portal to Portal Act. We have never adopted it expressly. Could you talk about Belgada? I think your adversary says, well, a Connecticut appellate division court found the provision you're relying on to be ambiguous. Yes. Belgada was my case. Belgada interprets a different clause in the hours worked definition. That clause has within it the word work. Meal breaks under that clause are compensable if the employee is required or permitted to work. That word work does not appear in the clause that we move under, which just says if you are required to remain on the premises, the hours are compensable. Okay. And so under 1-2Z, which is our statute saying plain meaning applies, if the court had taken up the question of what is hours worked means, it would have looked at the time required to remain on the premises clause. There is not even an argument to my knowledge that that clause is somehow ambiguous or would lead to unworkable results. And so the plaintiffs prevail. If you, the last thing I'll say is by our accounting, there is no court in the country, and many of these cases exist around the country, there is no court yet that hasn't been reversed that has held in the absence of some PTPA language, principle, main, major, activity, preliminary, post-liminary, those types of words. There is no court in the country that has survived appellate review in the absence of those words, which has held as the defense asks you to do to imply, to conclude that the Connecticut General Assembly implicitly and silently adopted the 1947 PTPA in 1967 simply because it passed a wage act generally. Thank you. I'm sorry. What do we do about the fact that several Connecticut state courts have relied on the FLSA and the PPTA? Like, are they getting it wrong? So Sarazin, I believe, is the case that you might be referring to, also a case that I was involved in. The Sarazin court took, and in a footnote I think says something to us that's very important here. So the Sarazin court took up the travel time regulation, which is another definition of work. And it first asked the question, is Connecticut's law or the federal law more beneficial to employees? It concluded that the federal definition provided for compensable work in more instances than the Connecticut and therefore said that it preempted it and then took up that question. It then concluded in interpreting that regulation that work needed to be interpreted, and it did so by concluding that it needed to be predominantly for the benefit of the employer. That regulation is not before us. Connecticut, like I believe most states, looks to federal jurisprudence to interpret similar words in its law when it needs to. It doesn't mean that it must. Here, if the court takes up the question, what does hours worked mean, and it means all time required to remain on the premises, there is nothing to look to the federal court for, there is nothing to interpret. Can you briefly address the de minimis argument and your understanding of how we evaluate what is de minimis and in the class context whether it's by individual class member or aggregation? In Connecticut, we have an appellate decision called Nettleton, which I believe is the most recent one to address this, and it concluded, I believe, and we briefed this, I'm sorry, I don't have it at the tip of my brain, but that aggregate counts to defeat a de minimis argument. Aggregate of class? Yes. Not what an individual's time aggregated. Yes, that's what I mean. It also held, I believe, consistent with kind of the generalized body of federal law on this, that the regularity with which the work occurs takes it out of the de minimis realm. I believe the Nettleton opinion is the latest and greatest Connecticut appellate ruling on that. If we were to certify, would you, and I'm sorry, I don't recall if your motion includes certification on the de minimis question. Well, the court below didn't rule on the de minimis question because it didn't need to. If you prevail on your primary argument, we would have to address it, wouldn't we? I suppose we could remand, but if we take you up on certifying, is there a reason not to include it? I mean just generally that it seems that appellate courts are there to decide whether trial courts erred. I don't think it's a separate ground for affirmance. I mean I think this is something that could be facts bound. I don't know that we have a detailed record on that. I'm sorry, that's all I have to say on that. I'm sorry, just one more question. Is the de minimis discussion where you think the fact that there were different levels and that at some point the employees had a choice between whether or not they wanted to take materials in or not, is that how we address the question about whether or not they were required to be on their premises? I don't believe that implicates the de minimis argument. The defense raises this issue to offer to the court that none of the time is compensable because none of it was required. If they had chosen differently, and I don't want to speak for the defense, they'll say so, but I believe their argument is that if they had chosen differently, they could have avoided time. But they wouldn't have avoided all time because they still have to enter the building, go through security, albeit perhaps faster, and then walk some distance before they get to their work. So you don't think the de minimis argument speaks to that particular choice? I mean, I suppose some of the litigants, to the extent that they have a shorter amount of time, might be more susceptible to a de minimis argument. I don't know. I'm sorry. Thank you. Good morning, Your Honors. May it please the court. My name is Allison Silvera. I, along with my co-counsel, represent the Appalachians Amazon in this case. I want to start, Your Honors, with what Attorney Haver just addressed in terms of what is the question that the court needs to answer in this case. The question in this case is whether the time at issue is compensable. Walking time, time through exiting security, is that time compensable? The only way that we, and Attorney Haver and the appellees, appellants, want us to look at the hours worked provision for that. But the hours worked provision in the Connecticut statutes is not used in any way in connection with helping us define what is compensable work. The hours worked provision is definitional only. It's much like the definition that was at issue for travel time in Sarazen, where the Connecticut Supreme Court found that there's a definition of travel time, but that travel time definition does not tell us what is compensable work. If we want to know whether an individual worker is entitled to overtime, we look at the statutory provision that's 3176C. That statutory provision tells us that you're entitled to time and a half if you have been employed for more than 40 hours in a work week. It doesn't use the phrase hours worked. The term employee is defined in the Connecticut statutes to mean suffered or permitted to work. To know whether someone is entitled to overtime, we have to know whether that person has worked for more than 40 hours in a work week. I think I understand your argument. Why isn't this an appropriate case to certify? It has strong repercussions for Connecticut. And isn't the Connecticut High Court in the best position to address both sides of this argument? So in our view, certification is not necessary in this case, Your Honor. The Second Circuit's standard is clear with respect to when certification is appropriate. And it's only appropriate if Connecticut law is so uncertain that you could make no reasonable prediction as to how a Connecticut appellate court would decide the issue. Here, we have a series of cases from the Connecticut courts telling us that they follow federal law. The Williams case is probably most on point for this point, where the Connecticut Supreme Court in the Williams case tells us that the overtime definition in the Connecticut law is virtually indecipherable from federal law. We know how the Connecticut Supreme Court views its overtime. And Williams is one of many cases that tell us to look to federal law for the definitions that are not supplied specifically in the statute. And the other reason we know that, and each of the out-of-state cases that consider this issue look to what the legislature's intent was at the time that they enacted the statute at issue that does not have specific portal-to-portal act language. The legislature's intent in Connecticut could not be more clear. We have three sources that tell us that. First, Representative Murray, who's the committee member who brought the bill to the floor, the overtime bill to the floor in 1967, testified that the purpose of the bill, the overtime bill, was to make Connecticut law consistent with the overtime provisions presently prevailing in federal law. So the overtime provisions that existed in federal law in 1967. Second, Deputy Commissioner, Labor Commissioner Dunn testified that the purpose of the overtime law was to extend the payment of overtime to Connecticut residents as provided in federal law and to eliminate the distinctions. She said Connecticut employers were confused by the distinctions and the intent of the overtime law was to make them co-extensive. Third, we have the Williams case that I just mentioned. Connecticut Supreme Court has already told us that the Connecticut law and the federal law are virtually indecipherable. It's just a matter of statutory interpretation. If you've got indications of the legislature looking to make co-extensive state and federal law, but textually, now there's debate about whether this is the relevant provision to look at. But if this is the relevant provision to look at, if we think textually, it's unambiguous as to its meaning. We don't need to look to federal law to discern its meaning. And it turns out it's not co-extensive with federal law. The text would control, wouldn't it, as a matter of interpretive principles? So not as a matter of actually Connecticut's law. So Attorney Haber's right that Connecticut's statutory interpretation law tells us to look at the language of the statute and how that language is used in connection with the broader statutory scheme. So we're not just at the plain language of ours. We have to look to discern the intent of the statute. We have to look at how ours worked. That phrase is used by the legislature in the Connecticut overtime law. Even if there's no ambiguity. Correct. The language of Connecticut general law, section 1.2.z. It's both plain language and context. And if you look for the hours worked provision in Connecticut's overtime law, you're going to find it four times. You're going to find it in four different definitions that have nothing to do with the compensability of something like preliminary or post-preliminary screening or walking time. The only things that are at issue in this case. And if we want to know whether that time is compensable, and I talked a little bit about Connecticut's legislative history and what the legislators testified to, presently prevailing federal law in 1967 included the Portal to Portal Act. The FLSA, when it was passed, didn't have a definition of work. This was 1936. There was no definition of work. What happened then is that the Supreme Court engrafted a definition of work into the FLSA that Connecticut's legislature felt was much broader than what had been understood to be compensable work at that time. And as the Supreme Court cases came down, there were 1,500 cases brought into the FLSA in a six-month period looking for compensation for work that otherwise had been generally understood to be non-compensable. And what happened at that point is that then Congress declared a federal emergency. It declared a federal emergency. It enacted the Portal to Portal Act to exclude from compensatory time walking time and preliminary and post-preliminary activities that were not integral and indispensable to the principal activity that an employee was hired to perform. This was not something that was hidden in a bill, layers deep in congressional legislation. There was a specific, in 1947, federal emergency that then led to enacting the Portal to Portal Act. And what it did is it amended the FLSA back to 1936. It was a retroactive amendment to the FLSA. Referring to the FLSA or prevailing federal law in 1967 without incorporating the Portal to Portal Act would be like referring to the U.S. Constitution and not incorporating its amendments. So that's the argument because the Connecticut law doesn't specifically reference the PTPA. But this was such a big deal, it was a big deal, and that since it was incorporated backwards, any later reference to the FLSA obviously included the Portal to Portal Act. Is that correct? That's correct. And the Connecticut legislature was also clear that they were trying to eliminate the distinctions between federal law and state law. If there was going to be compensability for walking time, preliminary, or post-preliminary screenings, that would be a giant distinction between federal law and Connecticut law. And when Connecticut wanted to draw a distinction between Connecticut law and federal law, it does that. Connecticut follows federal law, but in the Williams case, there's a question of the fluctuating work week, how you calculate payment for overtime. And in that case, there's a regulation where the Connecticut Department of Labor said, we don't follow federal law in this instance. So the Williams court starts from the proposition that we follow federal law, that our laws are virtually indecipherable. And then there's a regulation telling in this specific instance, we don't do that in Connecticut. There is no such regulation here saying we don't follow the Portal to Portal Act. There's no regulation. This is not, and they didn't do this silently and implicitly. They did it explicitly. You just have to look at the legislative history to see that. And so where you're focusing on what was presently prevailing at that time, the FLSA cannot be read without the Portal to Portal Act. This time is not compensable. I can address briefly the de minimis argument and Judge Nathan's question. In the question of the aggregate, in this case, there is nobody but the individual plaintiffs. There's no certification. There's a claim that has been alleged on behalf of a putative class. But the motion for certification of this as a class action was not decided by the district court. At the time that the district court entered its summary judgment decision, this case had three plaintiffs. And the most clear declaration of what de minimis means under Connecticut law. The district court had taken the certification motion first and certified. Is your view that then you would look to the aggregate among the class to determine whether it's de minimis time? No, Your Honor. We believe that the case that Attorney Haber cited is pretty clear that it's aggregate for an individual plaintiff. So it is an aggregate amount of time, but it's how much time that individual plaintiff actually spent undergoing these security. Your initial point that because the class certification motion was dismissed as moot following the dismissal doesn't bear on your argument, does it? It bears on the argument only in that these three individuals. We're only looking at the case for these three individuals at the time that summary judgment was decided. And so the aggregate for those individuals matters, but in terms of the entire class, the aggregate would be on an individual basis. So what's your understanding of the law with respect to the individuals as to what constitutes de minimis? So the law in Connecticut is that 15 minutes is what's compensable. That's the break in terms of where time has to be rounded to is 15 minutes. It's the clearest declaration we have of what's considered de minimis in Connecticut is 15 minutes. And in this case, I know I'm over time. I do want to remind the court the undisputed appellate record here is that walking through exit security took no time at all. You would walk through. If you followed the instructions, you left your metal objects on the other side of security when you entered the building in lockers provided by Amazon. You walk through under the metal detector without breaking stuff. The record, is it disputed if there are wait times before you walk through? That's not part of the appellate record, the amount of a wait time. It's purely that you can do so without breaking stride. Thank you, Your Honors. I appreciate it, and we just request that you affirm the district court's opinion. I believe I have a brief rebuttal. Williams, also my case. Connecticut Supreme Court gets it from the district court. There was no provision there, as counsel just said, that said we don't follow the federal law. This was a fluctuating work week case. This is how to calculate overtime when we have a salaried worker who's later determined to be incorrectly classified as salaried and should have been paid hourly. The federal law had a formula. Our law had a formula. Our formula paid more. We asked that the state formula be applied because it's more employer friendly. Remember Sarazen. The Connecticut Supreme Court said, yes, we look at the Connecticut provision and the Connecticut formula. We read it according to its plain meaning. They interpreted it, and they said that applies. That's the law of Williams, the Connecticut Supreme Court. It helps us, not them. And I'll end by simply reading into the record now for you all to hear the last sentence of the relevant statute that we're looking at today. 3176B, Paren 2, Paren A, last sentence. Such time, I believe referring to all of the time that is discussed above, includes but shall not be limited to the time when an employee is required to wait on the premises while no work is provided by the employer. Thank you. Thank you both, and we'll take the matter under advisement.